**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-20377
Summary Calendar

JULES J. WALTER,

Plaintiff-Appellant,

versus

OMER A. ILAHI, M.D.;
MOHAMMED ARIF ILAHI, M.D.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-878)

December 15, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Jules J. Walter[1] appeals the dismissal for lack of jurisdiction of his *pro se*

suit against Drs. Omar A. Ilahi and Mohammed Arif Ilahi.[2]

According the *pro se* pleadings the required liberality,[3] the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court inadvertently referred to plaintiff as Jules J. "Walton."

[2] Neither defendant has been served.

[3] **United States v. Gobert**, 139 F.3d 436 (5th Cir. 1998).

construed same as asserting claims of medical malpractice and racial discrimination in employment. Walter does not allege employment by either doctor, however, although he complains of racial discrimination in connection with employment. The pleadings were also construed as a claim of discrimination in public accommodations. Neither defendant is in any way involved in public accommodations. The trial court construed the pleadings as a dispute over workers' compensation and medical malpractice in which the insertion of assertions of racial discrimination was totally superfluous.

We review *de novo* the dismissal of an action for lack of jurisdiction.[4] Having done so we agree with the district court that there is neither real nor apparent jurisdictional basis for Walter's claims. We agree with the facts found and analysis made by the district court in its Opinion on dismissal signed March 25, 1998 and filed March 26, 1998. Walter is cautioned that any further frivolous filings in this court or in the district court will invite the imposition of the full range of sanctions available to this court and to the district court.

The judgment appealed is AFFIRMED.

---

[4] **Ellison v. Connor**, 153 F.3d 247 (5th Cir. 1998); **Radford v. General Dynamics Corp.**, 151 F.3d 396 (5th Cir. 1998).